**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 22-cv-01298-RM-SBP

STEPHANIE GUILD,

     Plaintiff,

v.

AUTO OWNERS INSURANCE COMPANY,

     Defendant.

---

**ORDER**

---

     This insurance dispute is before the Court on Defendant's Motion for Summary Judgment (ECF No. 55), which has been fully briefed (ECF Nos. 67, 71).  The Court grants the Motion for the reasons below.

## I.     BACKGROUND

     Plaintiff alleges she sustained serious injuries from a motor vehicle accident in April 2019.  She received the policy limits of $25,000 from the at-fault driver's insurer and is now suing Defendant, her insurer, for underinsured motorist ("UIM") benefits under her policy.

     Plaintiff was represented by counsel when she filed this lawsuit in state court in April 2022, asserting claims for common law bad faith, statutory unreasonable delay and denial of benefits, and breach of contract.  After Defendant removed the case to this Court, the magistrate judge entered a Scheduling Order in July 2022, which was modified in March 2023.

Plaintiff's counsel moved to withdraw in June 2023, and the magistrate judge granted that request the following month.  Plaintiff has since proceeded pro se.

In October 2023, Defendant filed its Summary Judgment Motion along with a Motion to Strike Plaintiff's Corrected (Supplemental) Expert Report of Dr. Boyer.  (ECF Nos. 55, 57.)  In December 2023, Plaintiff filed a Motion to Extend Discovery Deadlines and a Motion to Enlarge All Deadlines.  (ECF Nos. 59, 60.)  Those Motions were denied, but the magistrate judge extended the deadline for Plaintiff to respond to Defendant's Motions, and she filed her Responses thereafter.  (ECF Nos. 66, 67.)  In light of the Court's determination that Defendant is entitled to summary judgment, its Motion to Strike has become moot.

## II.     LEGAL STANDARDS

### A.     Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

Where, as here, the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, it can meet its initial burden by pointing out the lack of evidence on an essential element of the nonmoving party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). At that point, the burden shifts to the nonmoving party to identify sufficient evidence that is pertinent to the material issue by reference to an affidavit, deposition transcript, or specific exhibit. *Id.*

### B. Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on her behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

Defendant contends Plaintiff has failed to a meet a condition precedent in the policy for payment of benefits—specifically, she did not provide written authorization for the release of

medical information that would allow Defendant to investigate her claim, despite multiple requests that she do so.  On that basis, Defendant contends no reasonable trier of fact could find Plaintiff performed her duties under the policy, and therefore Defendant should prevail on the breach of contract claim.  Defendant further contends that in the absence of such a claim, her extra-contractual claims fail as well.  On the current record, the Court agrees with Defendant.

To state a claim for breach of contract under Colorado law, a plaintiff must show (1) the existence of a contract, (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff.  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (en banc).  An insurance policy is a contract that courts interpret by applying well-settled principles of contract interpretation, such as giving the words their plain and ordinary meaning unless contrary intent is evidenced in the policy, seeking to give effect to all provisions so that none is rendered meaningless, and being wary of rewriting provisions.  *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020).  Where terms in a contract are susceptible to more than one reasonable interpretation, they must be construed broadly in favor of the insured, but that does not mean a court must adopt the insured's view wholesale.  *Id.* at 1259-60.  Rather, any interpretation of ambiguous terms must comport with the policy's remaining provisions.  *Id.* at 1260.

Here, Plaintiff concedes that she failed to provide Defendant with a medical records authorization and that she was required to do so under the terms of the policy.  Nonetheless, in her Response, she blames her former counsel, stating as follows: "I was under the assumption my previous attorney submitted these to [Defendant]. . . .  I should not be held accountable or

punished for mistakes my attorney made or failed to complete." (ECF No. 67 at 1; *see also id.* at 2 ("Again, at this time I was represented by an attorney and never received anything regarding this information, I was unaware of this at all, I was never contacted by [Defendant] and shouldn't be held accountable for my previous attorney[']s mistakes.").) However, "[t]hose who act through agents are customarily bound by their agents' mistakes. It is no different when the agent is an attorney." *Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002). Plaintiff voluntarily chose her previous attorney as her representative in this action, and she cannot now avoid the consequences of the acts or omissions of this freely selected agent. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* at 634 (quotation omitted). The Court will not visit on Defendant the alleged sins of Plaintiff's previous counsel. *See id.* at 634 n.10 ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice."). Therefore, the Court finds Plaintiff has failed to meet her burden of raising a genuine issue as to her entitlement to UIM benefits under the policy.

Plaintiff's failure to raise a genuine issue of material fact with respect to her breach of contract claim is fatal to her other claims as well. To prevail on her common law bad faith claim, Plaintiff must establish that Defendant acted unreasonably and knew or recklessly disregarded the unreasonableness of its conduct. *See Sandoval v. Unum Life Ins. Co. of Am.*, 952 F.3d 1233, 1236 (10th Cir. 2020). To prevail on her statutory bad faith claim, Plaintiff must establish that Defendant delayed or denied payment of a covered benefit without a reasonable

basis.  *See* Colo. Rev. Stat. § 10-3-1115(1)(a).  But if a plaintiff fails to prove entitlement to any

benefits, she cannot prevail on either type of claim.  *See Ayala v. State Farm Mut. Auto. Ins. Co.*,

628 F. Supp. 3d 1075, 1083 (D. Colo. 2022) ("[T]o prevail on its statutory unreasonable

delay/denial claim, an insured first has to prove entitlement to benefits." (brackets and quotation

omitted)); *Hall v. Allstate Fire & Casualty Ins. Co.*, 20 F.4th 1319, 1325 (10th Cir. 2021) ("It is

settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was

properly denied and the plaintiff's only claimed damages flowed from the denial of coverage."

(quotation omitted)).  Because Plaintiff has failed to establish that she was entitled to UIM

benefits, she cannot show that Defendant's conduct was unreasonable under the circumstances.

Thus, Plaintiff's extra-contractual claims fail as a matter of law.

## IV.   CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment (ECF

No. 55) and DENIES AS MOOT its Motion to Strike (ECF No. 57).  The Clerk is directed to

CLOSE this case.

DATED this 24th day of April, 2024.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge